**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FOTOMEDIA TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AMERICAN GREETINGS CORP., | § | Civil Action No. 2:08-cv-202 |
| AG INTERACTIVE, INC., | § | |
| DOTPHOTO, INC., | § | |
| FORTUNECITY.COM INC., | § | **JURY TRIAL DEMANDED** |
| PHANFARE, INC., | § | |
| PICTURETRAIL, INC., | § | |
| IMAGEEVENT, | § | |
| BETTERPHOTO.COM, INC., | § | |
| QUALGUARD, INC., | § | |
| KABOOSE INC., | § | |
| KABOOSE.COM INC., | § | |
| BUBBLESHARE INC., | § | |
| BABYZONE.COM, INC., | § | |
| MEDIAFIRE, LLC, | § | |
| PRINTROOM, INC., | § | |
| PICABOO CORP., | § | |
| SCRIPPS NETWORKS, LLC, | § | |
| THE E.W. SCRIPPS CO., | § | |
| INCANDO CORP., | § | |
| OFFICEWARE CORP., | § | |
| ZOTO, INC., | § | |
| RIPSIDE INTERACTIVE, INC., | § | |
| LENZUS, INC., | § | |
| DRIVE HEADQUARTERS, INC., | § | |
| PHOTOGRA INC., | § | |
| FOTKI, INC., | § | |
| and | § | |
| ZAZZLE.COM, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff FotoMedia Technologies, LLC ("FotoMedia") by and through its undersigned counsel, files this Original Complaint against American Greetings Corp., AG Interactive, Inc.,

DotPhoto, Inc., FortuneCity.com Inc., Phanfare, Inc., PictureTrail, Inc., ImageEvent, BetterPhoto.com, Inc., Qualguard, Inc., Kaboose Inc., Kaboose.com Inc., BubbleShare Inc., BabyZone.com, Inc., MediaFire, LLC, Printroom, Inc., Picaboo Corp., Scripps Networks, LLC, The E.W. Scripps Co., Incando Corp., Officeware Corp., Zoto, Inc., Ripside Interactive, Inc., LenzUS, Inc., Drive Headquarters, Inc., Photogra Inc., Fotki, Inc., and Zazzle.com, Inc. (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff FotoMedia Technologies, LLC is a Delaware limited liability company having its principal place of business at 155 Fleet Street, Portsmouth, New Hampshire 03801.

2. Upon information and belief, Defendant American Greetings Corp. is a corporation existing under the laws of Ohio, with a principal place of business located at One American Road, Cleveland, Ohio 44144.  Upon information and belief, Defendant AG Interactive, Inc. is a corporation existing under the laws of Delaware, with a principal place of business located at One American Road, Cleveland, Ohio 44144.  American Greetings Corp. and AG Interactive, Inc. are collectively called the "American Greetings Defendants."

3. Upon information and belief, Defendant DotPhoto, Inc. ("DotPhoto") is a corporation existing under the laws of New Jersey, with a principal place of business located at 111 Silvia Street, West Trenton, New Jersey 08628.

4. Upon information and belief, Defendant FortuneCity.com Inc. ("FortuneCity") is a corporation existing under the laws of Delaware, with a principal place of business located at 322 8th Avenue, New York, New York 10001.

5. Upon information and belief, Defendant Phanfare, Inc. ("Phanfare") is a corporation existing under the laws of Delaware, with a principal place of business located at 11 New Street, Metuchen, New Jersey 08840.

6. Upon information and belief, Defendant PictureTrail, Inc. ("PictureTrail") is a corporation existing under the laws of California, with a principal place of business located at 1743 Higgins Avenue, Santa Clara, California 95051.

7. Upon information and belief, Defendant ImageEvent ("ImageEvent") is a corporation existing under the laws of California, with a principal place of business located at 737 Durshire Way, Sunnyvale, California 94087.

8. Upon information and belief, Defendant BetterPhoto.com, Inc. ("BetterPhoto") is a corporation existing under the laws of Washington, with a principal place of business located at 16544 Northeast 79th Street, Redmond, Washington 98052.

9. Upon information and belief, Defendant Qualguard, Inc. ("Qualguard") is a corporation existing under the laws of Delaware, with a principal place of business located at 112-B Dilabur Avenue, North Kingstown, Rhode Island 02852.

10. Upon information and belief, Defendant Kaboose Inc. is a corporation existing under the laws of Canada, with a principal place of business located at 505 University Avenue, Suite 1400, Toronto, Ontario, M5G 1X3. Upon information and belief, Kaboose.com Inc. is a corporation organizing and existing under the laws of Delaware, with a principal place of business located at 288 Walnut Street, Newtonville, Massachusetts 02460. Upon information and belief, Defendant BubbleShare Inc. is a corporation existing under the laws of Canada, with a principal place of business located at 505 University Avenue, Suite 1400, Toronto, Ontario, M5G 1X3. Upon information and belief, BabyZone.com, Inc. is a corporation organizing and

existing under the laws of Delaware, with a principal place of business located at 288 Walnut Street, Newtonville, Massachusetts 02460.  Kaboose Inc., Kaboose.com Inc., BubbleShare Inc., and BabyZone.com, Inc. are collectively called the "Kaboose Defendants."

11. Upon information and belief, Defendant MediaFire, LLC ("MediaFire") is a limited liability company existing under the laws of Texas, with a principal place of business located at 770 South Post Oak Lane, Suite 460, Houston, Texas 77056.

12. Upon information and belief, Defendant Printroom, Inc. ("Printroom") is a corporation existing under the laws of Delaware, with a principal place of business located at 2520 Mission College Boulevard, Suite 202, Santa Clara, California 95054.

13. Upon information and belief, Defendant Picaboo Corp. ("Picaboo") is a corporation existing under the laws of Delaware, with a principal place of business located at 1134 Crane Street, Suite 201, Menlo Park, California 94025.

14. Upon information and belief, Defendant Scripps Networks, LLC is a limited liability company existing under the laws of Delaware, with a principal place of business located at 312 Walnut Street, 28th floor, Cincinnati, Ohio 45202.  Upon information and belief, Defendant The E.W. Scripps Co. is a corporation existing under the laws of Delaware, with a principal place of business located at 312 Walnut Street, Cincinnati, Ohio 45202.  Upon information and belief, Defendant Incando Corp. is a corporation existing under the laws of Delaware, with a principal place of business located at 1916 Wilson Boulevard, Suite 208, Arlington, Virginia 22201.  Scripps Networks, LLC, The E.W. Scripps Co., and Incando Corp. are collectively called the "Scripps Defendants."

15. Upon information and belief, Defendant Officeware Corp. ("Officeware") is a corporation existing under the laws of Delaware, with a principal place of business located at Burgundy Tower, 1001 West Euless Boulevard, Suite 206, Euless, Texas 76040.

16. Upon information and belief, Defendant Zoto, Inc., ("Zoto") is a corporation existing under the laws of Oklahoma, with a principal place of business located at 123 South Hudson Avenue, Oklahoma City, Oklahoma 73102.

17. Upon information and belief, Defendant Ripside Interactive, Inc. ("Ripside") is a corporation existing under the laws of Nebraska, with a principal place of business located at 2812 North 160th Street, Omaha, Nebraska 68116.

18. Upon information and belief, Defendant LenzUS, Inc. ("LenzUS") is a corporation existing under the laws of California, with a principal place of business located at 4950 Birmingham Drive, San Jose, California 95136.

19. Upon information and belief, Defendant Drive Headquarters, Inc., ("Drive") is a corporation existing under the laws of California, with a principal place of business located at 20875 Valley Green Drive 70, Supertino, California 95014.

20. Upon information and belief, Defendant Photogra Inc. ("Photogra") is a corporation existing under the laws of New York, with a principal place of business located at 53 Penn Boulevard, Scarsdale, New York 10583.

21. Upon information and belief, Defendant Fotki, Inc. ("Fotki") is a corporation existing under the laws of New York, with a principal place of business located at 53 West 36th Street, 305, New York, New York 10018.

22. Upon information and belief, Defendant Zazzle.com, Inc. ("Zazzle") is a corporation existing under the laws of California, with a principal place of business located at 1900 Seaport Boulevard, 4th Floor, Redwood, California 94063.

**JURISDICTION AND VENUE**

23. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, and 281-85.

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

25. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

26. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

**BACKGROUND**

27. On January 25, 2000, the USPTO duly and legally issued United States Patent No. 6,018,774 ("the '774 patent"), entitled "Method and System for Creating Messages Including

Image Information."  FotoMedia holds all right, title, and interest in and to the '774 patent (a true and correct copy of which is attached hereto as Exhibit A).

28. On April 1, 2003, the USPTO duly and legally issued United States Patent No. 6,542,936 B1 ("the '936 patent"), entitled "System for Creating Messages Including Image Information."  FotoMedia holds all right, title and interest in and to the '936 patent (a true and correct copy of which is attached hereto as Exhibit B).

29. On March 22, 2005, the USPTO duly and legally issued United States Patent No. 6,871,231 B2 ("the '231 patent"), entitled "Role-Based Access to Image Metadata."  FotoMedia holds all right, title and interest in and to the '231 patent (a true and correct copy of which is attached hereto as Exhibit C).

30. The American Greetings Defendants own, operate, or otherwise control photosharing websites, including americangreetings.com, bluemountain.com, egreetings.com, photoworks.com, and webshots.com.

31. Defendant DotPhoto owns, operates, or otherwise controls photosharing web sites, including DotPhoto.com.

32. Defendant FortuneCity owns, operates, or otherwise controls photosharing web sites, including myphotoalbum.com.

33. Defendant Phanfare owns, operates, or otherwise controls photosharing web sites, including phanfare.com.

34. Defendant PictureTrail owns, operates, or otherwise controls photosharing web sites, including picturetrail.com.

35. Defendant ImageEvent owns, operates, or otherwise controls photosharing web sites, including imageevent.com.

36. Defendant BetterPhoto owns, operates, or otherwise controls photosharing web sites, including betterphoto.com.

37. Defendant Qualguard owns, operates, or otherwise controls photosharing web sites, including winkflash.com.

38. The Kaboose Defendants own, operate, or otherwise control photosharing websites, including bubbleshare.com, photos.kaboose.com, and babyzone.com.

39. Defendant MediaFire owns, operates, or otherwise controls photosharing web sites, including mediafire.com.

40. Defendant Printroom owns, operates, or otherwise controls photosharing web sites, including printroom.com.

41. Defendant Picaboo owns, operates, or otherwise controls photosharing web sites, including picaboo.com.

42. The Scripps Defendants own, operate, or otherwise control photosharing web sites, including pickle.com, welivehere.fineliving.com, hgtvpro.com, hgtv.com, diynetwork.com, gactv.com, foodnetwork.com, and recipezaar.com.

43. Defendant Officeware owns, operates, or otherwise controls photosharing web sites, including filesanywhere.com.

44. Defendant Zoto owns, operates, or otherwise controls photosharing web sites, including zoto.com.

45. Defendant Ripside owns, operates, or otherwise controls photosharing web sites, including villagephotos.com.

46. Defendant LenzUS owns, operates, or otherwise controls photosharing web sites, including lenzus.com.

47. Defendant Drive owns, operates, or otherwise controls photosharing web sites, including photosharehq.com.

48. Defendant Photogra owns, operates, or otherwise controls photosharing web sites, including photogra.com.

49. Defendant Fotki owns, operates, or otherwise controls photosharing web sites, including fotki.com.

50. Defendant Zazzle owns, operates, or otherwise controls photosharing web sites, including zazzle.com.

51. Upon information and belief, Defendants make, use, license, sell, offer for sale, or import in the State of Texas, in this judicial district, and elsewhere in the United States photosharing web site services that alone or in combination with personal computers infringe at least one of the '774, '936, and '231 patents, as well as related services.

## COUNT I: INFRINGEMENT OF THE '774 PATENT

52. FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

53. Upon information and belief, Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '774 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '774 patent, all to the injury of FotoMedia.

54. FotoMedia has been damaged by Defendants' infringement of the '774 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '774 patent.

**COUNT II: INFRINGEMENT OF THE '936 PATENT**

55. FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

56. Upon information and belief, Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '936 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '936 patent, all to the injury of FotoMedia.

57. FotoMedia has been damaged by Defendants' infringement of the '936 patent in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless Defendants are permanently enjoined from infringing the '936 patent.

**COUNT III: INFRINGEMENT OF THE '231 PATENT**

58. FotoMedia realleges and reincorporates by reference herein the allegations contained in Paragraphs 1 through 51.

59. Upon information and belief, the American Greetings Defendants, DotPhoto, FortuneCity, Phanfare, ImageEvent, BetterPhoto, Qualguard, the Kaboose Defendants, Picaboo,

the Scripps Defendants, Zoto, LenzUS, Photogra, Fotki, and Zazzle have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '231 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, licensing, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '231 patent, all to the injury of FotoMedia.

60. FotoMedia has been damaged by infringement of the '231 patent by the American Greetings Defendants, DotPhoto, FortuneCity, Phanfare, ImageEvent, BetterPhoto, Qualguard, the Kaboose Defendants, Picaboo, the Scripps Defendants, Zoto, LenzUS, Photogra, Fotki, and Zazzle in an amount to be determined at trial, and has suffered and will continue to suffer irreparable loss and injury unless the American Greetings Defendants, DotPhoto, FortuneCity, Phanfare, ImageEvent, BetterPhoto, Qualguard, the Kaboose Defendants, Picaboo, the Scripps Defendants, Zoto, LenzUS, Photogra, Fotki, and Zazzle are permanently enjoined from infringing the '231 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FotoMedia Technologies, LLC prays for the following relief against Defendants:

A. A judgment in favor of FotoMedia that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '774 patent;

B.  A judgment in favor of FotoMedia that Defendants have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '936 patent;

C.  A judgment in favor of FotoMedia that the American Greetings Defendants, DotPhoto, FortuneCity, Phanfare, ImageEvent, BetterPhoto, Qualguard, the Kaboose Defendants, Picaboo, the Scripps Defendants, Zoto, LenzUS, Photogra, Fotki, and Zazzle have infringed, directly and indirectly by way of inducing infringement and/or contributing to the infringement of FotoMedia's '231 patent;

D.  A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, and parents from infringing, inducing the infringement of, or contributing to the infringement of one or more of FotoMedia's '774, '936, and '231 patents;

E.  A judgment and order requiring Defendants to pay FotoMedia damages for the infringement of one or more of FotoMedia's '774, '936, and '231 patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284; and

F.  Such other and further relief in law or in equity to which FotoMedia may be justly entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on any and all issues triable of right before a jury.

Dated: May 12, 2008

Respectfully submitted,

  /s/ Sam Baxter
Sam Baxter, Lead Attorney
TX State Bar No. 01938000
E-mail: sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**OF COUNSEL**:
John F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
David M. Hill, Esq.
E-mail: hilld@wardolivo.com
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

Leslie D. Ware, Esq.
TX State Bar No. 00785179
E-mail: lware@thewarefirm.com

**THE WARE FIRM**
1701 North Market, Suite 330
Dallas, Texas 75202
Telephone: 214.744.5000
Facsimile: (214) 744-5013

**ATTORNEYS FOR PLAINTIFF
FOTOMEDIA TECHNOLOGIES, LLC**