IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:08-cv-202-TJW |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| **AMERICAN GREETINGS CORP, ET AL.,** | § § § | |
| Defendants. | § § | |

### PLAINTIFF FOTOMEDIA TECHNOLOGIES, LLC'S MOTION TO DISMISS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, TO STAY PENDING REEXAMINATION

Plaintiff FotoMedia respectfully requests that the Court dismiss all remaining claims and counterclaims in this action without prejudice, pursuant to Fed R. Civ P. 41(A)(1) and (2), with each party bearing its own costs, expenses, and attorneys' fees. Five Defendants in this case have agreed to such a dismissal, and a stipulated motion to that effect was filed on December 22, 2009.[1] This stipulated motion to dismiss was granted by the Court on December 28, 2009. This motion seeks the same result with respect to the remaining Defendants, who would not agree to join the stipulated motion.[2]

---

[1] Those five Defendants include ImageEvent, PrintRoom, Inc. ("PrintRoom"), Picaboo Corp. ("Picaboo"), OfficeWare Corp. ("OfficeWare"), and Drive Headquarters, Inc. ("DriveHQ").

[2] Joseph J. Zito, counsel for DotPhoto, Inc. ("DotPhoto"), FortuneCity.com, Inc. ("FortuneCity"), Phanfare, Inc. ("Phanfare"), PictureTrail, Inc. ("PictureTrail"), Photogra, Inc. ("Photogra") and Fotki, Inc. ("Fotki") (collectively "the Zito Group") informed FotoMedia's counsel that all of his clients would oppose a motion to dismiss unless the dismissal was with prejudice. Mr. Zito stated last week that half of his clients would agree to a mutual dismissal without prejudice, but was unable at that time to identify which clients. On December 28, Mr. Zito again changed his position stating that his clients "DotPhoto,

1

Dismissal without prejudice is appropriate because the currently asserted claims of the Patents-in-Suit stand rejected in their respective reexaminations, and FotoMedia believes that neither the Court nor the parties should waste resources litigating issues that may be resolved or mooted by the reexamination proceedings. FotoMedia nevertheless intends to preserve its rights with respect to any claims that might ultimately come out of those proceedings. FotoMedia thus does not agree to a dismissal with prejudice, and should the Court decide against dismissing this case without prejudice, then FotoMedia would ask the Court to grant a stay of this litigation pending the conclusion of the reexaminations of the Patents-in-Suit.

## I.   BACKGROUND

On May 12, 2008, Plaintiff FotoMedia Technologies, LLC ("FotoMedia") filed this action against each of the Defendants for the infringement of various claims of U.S. Patent No. 6,018,744 ("the '744 patent"), 6,542,936 ("the '936 patent") and 6,871,231 ("the '231 patent") (collectively, "the Patents-in-Suit"). The Patents-in-Suit generally relate to aspects of digital photo sharing.

This litigation remains in its early stages. This Court entered Docket Control and Discovery Orders on September 3, 2009. The parties exchanged their Rule 4-1 disclosures on November 20, 2009. Because the discovery deadline is not until June 28, 2010, no depositions have been taken, and no party's source code has been produced. The Markman hearing is not

---

FortuneCity, PhanFare [sic.], Fotki, PictureTrail and Photogre [sic.] have decided to remain as a group and as a whole are opposed to dismissal w/o prejudice . . . ." Counsel for QualGuard, Inc. ("Qualguard") and Zazzle.com, Inc. ("Zazzle") are also opposed to dismissal without prejudice. The position of Scripps Network, LLC ("Scripps Network"), Incando Corp. ("Incando"), and The E.W. Scripps Co. ("E.W. Scripps"), according to counsel, "is that they are not sure whether they will oppose a motion to dismiss without prejudice and that they are going to wait for the motion to be filed, evaluate it during the time period for a response, and then respond."

scheduled until March 4, 2010, and Markman briefing has not yet begun. Jury selection is not scheduled until September 7, 2010.

This case is related to two preceding cases: *FotoMedia Technologies, LLC v. AOL, LLC*, et al, (Case No. 2:07-cv-255) (the "*AOL* case") and *FotoMedia Technologies, LLC v Alltel Communications, Inc. et al.*, (Case No. 2:07-cv-256) (the "*Alltel* case"), both filed on June 18, 2007. This Court dismissed the *AOL* case on October 1, 2009, and while the *Alltel* case remains pending, a joint motion to stay has been filed with the last defendant in that case, T-Mobile. The Court granted the motion to stay in *Alltel* on December 28, 2009. Similarly, *FotoMedia Technologies v. FujiFilm U.S.A., Inc., et al.* (Case No. 2:08-cv-203) (the "*FujiFilm* case") is also pending before this Court, and FotoMedia has notified each of the defendants in the *FujiFilm* case that FotoMedia intends to seek dismissal without prejudice of all claims and counterclaims. Thus, the grant of a dismissal in this case and the *FujiFilm* case will dispose of all pending FotoMedia cases.

On April 21, 2008, Counsel for Defendant Yahoo! in the related *AOL* case initiated reexamination on all three Patents-in-Suit before the Patent Office ("PTO"). At the current stage of the reexamination proceedings, the PTO has issued a Final Office Action rejecting all claims in each of the Patents-in-Suit as presently formulated. While FotoMedia believes in good faith that it will traverse these rejections, the final outcome of reexamination is far from clear. The PTO has also indicated that a few new or amended claims may be issued as a result of the reexamination.

Given the fact that this action is in its early stages, and given the uncertainty surrounding the outcome of the reexamination (and possible appeal therefrom), the Court should dismiss this action without prejudice, with each party bearing its own costs, in order to conserve party and

judicial resources while preserving FotoMedia's rights in any claims that might ultimately come out of the reexaminations. *See Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 WL 149994, at *2 (N.D. Cal. May 5, 1993) ("Ordinarily, courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers."). Alternatively, the facts here weigh heavily in favor of a stay pending reexamination.

### II. DISMISSAL WITHOUT PREJUDICE IS PROPER

"[I]n determining whether a defendant would suffer prejudice from a dismissal, a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007) (citations and quotation marks omitted). The facts in this case weigh in favor of a dismissal of all claims and counterclaims without prejudice, with each party bearing its own costs.

#### A. DISMISSAL WITHOUT PREJUDICE IS JUSTIFIED BY THE STATUS OF THE PENDING REEXAMINATIONS

As noted above, the currently asserted claims of the Patents-in-Suit stand rejected by the PTO in reexamination. While FotoMedia intends to meet, overcome, or appeal these rejections, FotoMedia believes that neither the Court nor the parties should waste resources litigating issues that may be resolved or mooted by the reexamination proceedings. The scope of the Patents-in-Suit, the claim language, and the entire intrinsic record are likely to change following reexamination, rendering a concurrent district court litigation cumbersome, costly, and possibly unnecessary. In addition, FotoMedia anticipates that new or amended claims may be issued by the PTO in the reexaminations of the Patents-in-Suit, and reasonably desires to preserve any

rights it may ultimately have in such new or amended claims. A dismissal of this case without prejudice, with each party bearing its own costs, is thus proper as it would: (1) conserve time and resources by eliminating the need to adjudicate issues that might become moot or resolved by the PTO; and (2) protect FotoMedia's patent rights in light of possible new or amended claims coming out of reexamination.[3]

### B. THIS CASE IS STILL IN THE EARLY STAGES, AND NO DEFENDANT HAS ENDURED SIGNIFICANT EXPENSE IN PREPARING FOR TRIAL

FotoMedia has made extensive efforts to minimize Defendants' burdens in this litigation. Initially, Defendants proposed a stay of this case pending the reexaminations of the Patents-in-Suit. FotoMedia did not oppose such a stay, but drew Defendants' attention to the fact that this Court had previously crafted a stipulation in *Visto v. Research in Motion*, Case No. 2:06-CV-181-TJW-CE, and *QPSX Developments v. Ciena Corp.*, Case No. 2:07-CV-118, foreclosing the use of prior art considered by the PTO in reexamination. Defendants balked at the inclusion of such a stipulation, and refused to agree to the same. Following the PTO's Office Actions in the reexaminations, FotoMedia proposed a stay *without* any stipulation regarding the prior art, but Defendants then changed their mind regarding the stay, and declined to agree to any stay at all.[4]

Furthermore, while the parties were discussing a possible stay, FotoMedia agreed to a rolling document production, which extends through January 2010. FotoMedia and the

---

[3] Counsel for Scripps Networks and Incando have indicated that they oppose this motion for dismissal without prejudice because they seek "finality" and elimination of the "cloud of uncertainty cast by [FotoMedia's] current claims." However, continuing this action with the current claims intact is not a recipe for either finality or certainty. Given the likelihood that the currently asserted claims will be ultimately be rejected, and new or amended claims will be issued, continuing to push ahead with litigation in this case is only a recipe for wasted resources and conflicting results.

[4] Joseph J. Zito, counsel for Fotki, Photogra, PictureTrail, Dotphoto, FortuneCity and Phanfare informed FotoMedia's counsel that his clients would oppose the Motion to Stay unless all of his clients were dismissed from this case.

Defendants also jointly agreed to postpone most of the deadlines in this case to avoid unnecessary expense and effort. While FotoMedia has produced over one hundred thousand pages of documents, none of the Defendants have provided any meaningful production to date. Therefore, the overall burden on Defendants has been minimal, and any burden borne in the last few months is directly attributable to their flip-flop on requesting a stay and then deciding to oppose FotoMedia's proposed stay. Dismissal without prejudice, with each party bearing its own costs, is thus proper for this reason as well.

### C. THE ZITO GROUP HAVE MISSED THE DEADLINE FOR DAMAGES DISCLOSURE

Requiring each party to bear its own costs is further appropriate because Defendants in the Zito Group failed to file any damages disclosure by the Court-imposed deadline of November 17, 2009.[5] Such disclosure requires "a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 24, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered." . Therefore, because the Zito Group Defendants have failed to substantiate any expenses in preparation for trial, this Court should deny any request for costs.

### III. ALTERNATIVELY, A STAY PENDING REEXAMINATION IS PROPER

Should the Court decline to dismiss without prejudice, with each party bearing its own costs, then alternatively, the Court should stay this case pending the ongoing reexamination proceedings before the PTO. In determining whether a stay pending reexamination is appropriate, courts consider three factors: "(1) whether a stay will unduly prejudice or present a

---

[5] All defendants in the Zito Group, namely, Fotki, Photogra, PictureTrail, Dotphoto, FortuneCity and Phanfare have, to date, failed to make their initial disclosures as required by Fed R. Civ. P. 26 and Paragraph 1 of this Courts September 3, 2009 Discovery Order. All of these defendants have also neglected to make any damages disclosure as required by Paragraph 3 of the same Discovery Order.

clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *DataTreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (citation omitted). Each of these factors weighs in favor of staying this litigation pending reexamination of the Patents-in-Suit: granting a stay will cause no undue prejudice to any Defendant; the reexamination process will likely narrow or eliminate many of the issues for trial; and this case is still in its early stages.

### A.   A STAY WILL NOT UNDULY PREJUDICE DEFENDANTS

In deciding whether granting a stay will present an unfair disadvantage to the nonmoving party, courts typically ask whether the moving party has engaged in some form of gamesmanship. *See Soverain Software LLC v. Amazon.com*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2002). FotoMedia has engaged in no gamesmanship here. In fact, as discussed above, FotoMedia has worked to minimize any burden on Defendants in this litigation. In addition, FotoMedia is moving for a stay while the case is in its early stages, with discovery just starting and the *Markman* hearing months away. *See*, *e.g.*, *Gunthy-Renker Fitness v. Icon Health & Fitness, Inc.*, 48 U.S.P.Q.2d 1058 (C.D. Cal. 1998) (finding no undue prejudice when case was "relatively new, and no significant discovery or trial preparation ha[d] taken place"). A stay will thus provide advantages to both parties by avoiding potentially unnecessary proceedings with potentially conflicting results. *See Gioello Enterprises Ltd v. Mattel, Inc.*, No. CA 99-375 GMC, 2001 WL 125340, at *1 (D. Del. Jun. 29, 2001) ("Not staying the proceedings runs the risk of inconsistent adjudications of issuance of advisory opinions."). The first factor thus favors a stay.

### B.   A STAY WILL SIMPLIFY THE ISSUES FACING THE COURT

The asserted claims of the Patents-in-Suit currently stand rejected by the PTO. While FotoMedia intends to meet these rejections, if they are ultimately sustained, then the need for

trial on FotoMedia's infringement contentions will be entirely eliminated. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial of that issue . . . when the claim is cancelled."); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) ("The reexamination procedure has the potential to eliminate trial on the issue of patent infringement, should all of the patent's claims be cancelled."). The possibility of the elimination of litigation on the parties and on this Court weighs in favor of staying this litigation pending the PTO's reexamination. *Bausch & Lomb Inc. v. Alcon Laboratories, Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) ("If this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted.").

In addition to the real possibility that the asserted claims will not survive reexamination, FotoMedia anticipates that some claims of the Patents-in-Suit may be amended at the conclusion of reexamination. This possibility also counsels staying this case, as amendment of any claim of the Patents-in-Suit would "result in a narrowing and simplifying of the issues before the Court." *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, No. 4:03-CV-40493, 2004 U.S. Dist. LEXIS 16812 at *13 (S.D. Iowa Aug. 24, 2004); *see also DataTreasury*, 490 F. Supp. 2d at 755 ("Narrowing claims would commensurately simplify the issues at trial."); *Antor Media Corp. v. Nokia, Inc.*, No. 2:05-CV-186-DF, 2006 U.S. Dist. LEXIS 96777, at *19 (E.D. Tex. Sept. 27, 2006) ("If the reexamination proceeding invalidates or narrows a claim or claims, the issues at trial will be simplified."). This is in part because "the scope of the patent claims, which the PTO may narrow or otherwise limit, controls the outcome of any subsequent infringement analysis." *Middleton*, 2004 U.S. Dist. LEXIS 16812, at *13 n.8; *Broadcast Innovation, L.L.C. v. Charter*

*Commc'ns, Inc.*, No. 03-CV-2223, 2006 U.S. Dist. LEXIS 46623 at *17-*18 (D. Colo. July 11, 2006). The second factor thus also favors a stay.

### C. THE LITIGATION IS STILL IN ITS EARLY STAGES

Courts denying stays have often done so "due to the late stage of litigation, the fact that discovery was or would be almost completed, or the matter had been marked for trial." *GPAC, Inc. v. D.W.W. Enter., Inc.*, 144 F.R.D. 60, 64 (D.N.J. 1992); *see also*, *e.g.*, *Soverain Software*, 356 F. Supp. 2d at 663 (finding this third factor the most significant). When "discovery has not progressed past the early stages," on the other hand, a "stay pending reexamination is routinely ordered." *CNS, Inc. v. Silver Eagle Labs, Inc.*, No. 04-CV-968, 2004 U.S. Dist. LEXIS 28960, at *3 (D. Minn. Nov. 29, 2004); *see also* P. Rosenberg, PATENT LAW FUNDAMENTALS §15.09[3] at 15-167 (2d ed. 1986) ("In cases which have not progressed beyond . . . initial litigation stages, the reexamination procedure should be utilized."); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co., Ltd.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C-05-03116, 2006 U.S. Dist. LEXIS 15754 at *5 (N.D. Cal. Mar. 16, 2006).

This litigation is in its early stages. This Court entered Docket Control and Discovery Orders on September 3, 2009. The parties exchanged their Rule 4-1 disclosures on November 20, 2009. The Markman hearing is not scheduled until March 4, 2010 and Markman briefing has not yet begun. Jury selection is not scheduled until September 7, 2010. Because the discovery deadline is not until June 28, 2010, only limited discovery has taken place with no depositions and no production of any source code. The third and final factor thus also favors a stay.

### IV. CONCLUSION

Given the fact that the claims asserted in this case currently stand rejected in their respective reexamination proceedings, a dismissal of all claims and counterclaims without

prejudice, with each party bearing its own costs, is appropriate and should be entered. Alternatively, for the reasons above, FotoMedia would respectfully request that the Court stay this case pending reexamination.

DATED: December 28, 2009 Respectfully submitted,

  /s/ Eric S. Tautfest
Leslie D. Ware, Esq.
TX State Bar No. 00785179
lware@thewarefirm.com
Eric S. Tautfest
TX State Bar No. 24028534
etautfest@thewarefirm.com
**THE WARE FIRM**
1701 North Market, Suite 330
Dallas, Texas 75202
Telephone: (214) 744-5000
Facsimile: (214) 744-5013

Samuel Franklin Baxter
Lead Attorney
sbaxter@mckoolsmith.com
**MCKOOL SMITH**
P O Box O
104 East Houston St., Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

John W. Olivo, Jr.
olivoj@wardolivo.com
John F. Ward
wardj@wardolivo.com
David M. Hill
hilld@wardolivo.com
Robert G. Graham
graham@wardolivo.com

**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

**ATTORNEYS FOR PLAINTIFF FOTOMEDIA TECHNOLOGIES, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that, even though the Local Rules do not require the parties to meet and confer regarding a motion to dismiss, I discussed dismissal without prejudice with counsel for each of the parties in detail, but was unable to reach agreement. The undersigned counsel for FotoMedia also engaged in discussions with all defendants via email, teleconferences and also through representatives of the defense group regarding a motion to stay this case pending final outcome of the reexamination of the asserted patents. Although the original meet and confer sessions were regarding Defendants' motion to stay pending reexamination, as described more fully herein, the remaining Defendants ultimately changed their position and determined to oppose a stay. Accordingly, this motion is submitted for the Court's consideration.

/s/ Eric S. Tautfest
Eric S. Tautfest

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-4(c)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by Federal Express on this the 28th day of December, 2009.

/s/ Eric S. Tautfest
Eric S. Tautfest