**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FOTOMEDIA TECHNOLOGIES, LLC,** ) | **CASE NO.:  2:08-cv-00202-CE** |
| ) | |
| **Plaintiff,** ) | |
| ) | **JUDGE EVERINGHAM** |
| **v.** ) | |
| ) | |
| **AMERICAN GREETINGS CORP., et al.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |
| ) | |

**DEFENDANT ZAZZLE.COM, INC.'S OPPOSITION-IN-PART TO PLAINTIFF'S MOTION
TO DISMISS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, STAY PENDING
REEXAMINATION**

ZAZZLE'S OPP'N IN PART TO PLAINTIFF'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY PENDING REEXAMINATION
(2:08-cv-00202-CE)

1

# TABLE OF CONTENTS

**Page**

**I. SUMMARY OF OPPOSITION**..............................................................................4

**II. BACKGROUND**...................................................................................................4

**III. ARGUMENT**.......................................................................................................6

    A.    Zazzle Joins Plaintiff in its Request to Dismiss Without Prejudice Plaintiff's Claims and Zazzle's Counterclaims Regarding the Currently Asserted Claims of the Patents-in-Suit....................................................6

    B.    Because Alternative Disposition is Proper and, Moreover, Zazzle Will Be Prejudiced by a Dismissal Without Prejudice of Plaintiff's Withdrawn and Unasserted Claims, The Court Should Deny Plaintiff its Requested Relief ..........7

        1.    Partial Summary Judgment of Non-Infringement of the Patents-in-Suit is the Appropriate Disposition of the Withdrawn and Unasserted Claims .......................................................................7

        2.    To Prevent Prejudice to Zazzle, Dismissal of Plaintiff's Withdrawn and Unasserted Claims Should Be *With* Prejudice.....................................7

**IV. CONCLUSION**....................................................................................................9

Zazzle's Opp'n in Part to Plaintiff's
Motion to Dismiss or, in the alternative,
Stay Pending Reexamination
(2:08-cv-00202-CE)

2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

### FEDERAL CASES

*Bonura v. ABC Bus Cos.*, No. 1:07-CV-990 2008 WL 1883541, at *1 (E.D. Tex. Apr. 24, 2008)................................................................................................................7

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824 (E.D. Tex. 2007)..........................................................................................................................8

*Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) ...........................8

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002)...........................................7, 9

*Hyde v. Hoffmanm-La Roche, Inc.*, 511 F.3d 506, 509 n.12 (Fed. Cir. 2007) ...............................6

*LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 2002) ......................................................9

*Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)..................................................................7

*Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir.1996).......................................8

*Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).......................................7

### FEDERAL RULES

Federal Rule of Civil Procedure 41 ..................................................................................................6

### LOCAL PATENT RULES

Local Patent Rule 3-1 .......................................................................................................................8

ZAZZLE'S OPP'N IN PART TO PLAINTIFF'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY PENDING REEXAMINATION
(2:08-cv-00202-CE)

3

## I. SUMMARY OF OPPOSITION

Defendant Zazzle does not oppose dismissing without prejudice all claims and counterclaims relating to all currently asserted claims of the Patents-in-Suit.  Zazzle does, however, oppose dismissing without prejudice those claims of the Patents-in-Suit that are currently *unasserted*.  Instead, for the reasons set forth in Zazzle's Letter Brief regarding Partial Summary Judgment of Non-Infringement of the Patents-in-Suit, Exhibit A, Zazzle requests that this Court dispose of the currently unasserted claims by granting Partial Summary Judgment of Non-Infringement of the Patents-in-Suit.  In the alternative, for the reasons set forth below, Zazzle, Qualguard, Inc., Scripps Networks, LLC, and Incando Corp. (hereinafter referred to as "Defendants")[1] request that this Court dismiss the currently unasserted claims **with** prejudice to prevent Defendants from incurring the plain legal prejudice that would arise if Plaintiff were allowed to reserve its right to assert patent claims against Defendants in the future that were (a) never timely asserted in this litigation, or (b) were strategically withdrawn by Plaintiff shortly before filing its dismissal motion so it could represent to the Court that all "asserted" claims stood finally rejected in the Patent Office.  For the same reasons, Zazzle opposes Plaintiff's Motion, in the Alternative, to Stay Pending Reexamination.

## II. BACKGROUND

On May 12, 2008, FotoMedia Technologies, LLC ("Plaintiff") filed this action against, among others, Zazzle.com, Inc. ("Zazzle") for infringement of the Patents-in-Suit[2] after

---

[1] Qualguard, Inc., Scripps Networks, LLC, and Incando Corp.. join Zazzle in the request that the Court dismiss the currently unasserted claims, with prejudice. However, these Defendants do not join Zazzle's non-opposition to the dismissal of the asserted claims without prejudice or the agreement to dismiss their counterclaims without prejudice as Zazzle has done. These Defendants will be filing their own response to the Motion to Dismiss, which sets forth their position on this issue.

[2] The "Patents-in-Suit" are U.S. Patent No. 6,018,774 (the "'774 patent"), U.S. Patent No. 6,542, 936 (the "'936 patent"), and U.S. Patent No. 6,871,231 (the "'231 patent").

Counsel for Yahoo!, Inc., a defendant in a related litigation, initiated reexamination on all three Patents-in-Suit before the U.S. Patent & Trademark Office ("PTO") on April 21, 2008.  On September 4, 2009, Plaintiff served its P.R. 3-1 Disclosures on Defendants.  Defendants were accused of infringing only certain claims in each of the Patents-in-Suit.[3]

Since receiving Plaintiff's infringement contentions, Zazzle has expended significant resources investigating and presenting proof of the invalidity of each of the asserted claims, investigating and preparing defenses for the products accused of infringing each asserted claim, gathering, reviewing, producing and readying for production significant amounts of documentation responsive to the allegations inherent in each asserted claim, as well as devising claim construction positions for all of the asserted claims.

The Patents-in-Suit are currently the subject of an ongoing re-examination proceeding at the United States Patent & Trademark Office.  (Motion to Dismiss at 3).  In October 2009, the claims under consideration in each of the '774 and '231 patent re-examination proceedings were finally rejected.  The final rejections in these proceedings included all of the originally issued claims and, thus, all of the claims of these patents that Plaintiff asserted against Defendants.  The re-examination status of the asserted claims of the '936 patent, however, is markedly different.

Specifically, some of the asserted claims of the '936 patent -- claims 9-14, and 18-19 -- have been confirmed by the Patent Office, *i.e.*, deemed valid, or not subject to re-examination.[4] The other asserted claims of the '936 patent remained finally rejected, just as the claims of the '774 and '231 patents.

On December 28, 2009, at approximately 5:01 p.m., Plaintiff filed its Motion to Dismiss.  (Exhibit B – E-Notice of filing)  Throughout its Motion, Plaintiff represents to this

---

[3] By letter, asserted against Zazzle.com, Inc. were claims 1, 2, 4-6 of the '774 patent, claims 1-14, 17-19 of the '936 patent and claims 1-3, 17-19 of the '231 patent.

[4] Claim 18 of the '936 patent was never the subject of re-examination.

Court that dismissal or staying of this litigation "is appropriate because the currently asserted claims of the Patents-in-Suit stand rejected in their respective reexaminations." (Motion to Dismiss at 2)  Plaintiff could not have made this representation to the Court without first withdrawing claims 9-14, and 18-19 of the '936 patent from its infringement allegations because, as noted above, those claims were not finally rejected.  Indeed, this is exactly what it did shortly before filing its Motion to Dismiss.[5]

As a consequence of Plaintiff's tactical decision to either never assert some patent claims or withdraw its only confirmed, Plaintiff may attempt not only to assert any new or amended claims arising from reexamination, but also to reassert claims that it initially asserted but later withdrew.  Thus, Defendants respectfully request that the Court dismiss Plaintiff's currently unasserted claims **with** Prejudice.

## III. ARGUMENT

### A.   Zazzle Joins Plaintiff in its Request to Dismiss Without Prejudice Plaintiff's Claims and Zazzle's Counterclaims Regarding the Currently Asserted Claims of the Patents-in-Suit

Zazzle does not oppose dismissing without prejudice Plaintiff's currently asserted claims under Federal Rule of Civil Procedure 41(a)(2).[6]  In addition, although Federal Rule of Civil Procedure 41 does not grant Plaintiff a right to dismiss Zazzle's counterclaims, Zazzle

---

[5] For example, Zazzle received a letter from Plaintiff's counsel at 4:36 p.m. on December 28, 2009, a mere 25 minutes before the 5:01 p.m. filing of Plaintiff's Motion to Dismiss, informing Zazzle that Plaintiff was no longer asserting confirmed claims 9-14 of the '936 patent against it. (Exhibit C.)  All Defendants experienced similar notice. (*See* Exhibits D and E.)  In its P.R. 3-1 disclosures, Plaintiff had accused Zazzle.com, Inc. of infringing, *inter alia*, claims 1-14, 17-19 of the '936 patent. (Exhibit F.)  However, the P.R. 3-1(c) disclosures served by Plaintiff failed to compare claims 18-19 of the '936 patent against any Zazzle.com, Inc. product. (Exhibit G.)  Following an inquiry by Zazzle.com, Inc. Plaintiff withdrew its allegation of infringement of claims 18-19 against Zazzle.com, Inc. (Exhibit H.)

[6] Rule 41(a)(1) of the Federal Rules of Civil Procedure does not provide for a dismissal in this situation because Zazzle has served an answer and has not stipulated to a dismissal without prejudice. *See Hyde v. Hoffmanm-La Roche, Inc.*, 511 F.3d 506, 509 n.12 (Fed. Cir. 2007). Accordingly, Plaintiff's motion to dismiss should only be reviewed in light of Rule 41(a)(2) of the Federal Rules of Civil Procedure.

acquiesces to Plaintiff's request to dismiss without prejudice Zazzle's counterclaims regarding the currently asserted claims.

**B.      Because Alternative Disposition is Proper and, Moreover, Defendants Will Be Prejudiced by a Dismissal Without Prejudice of Plaintiff's Withdrawn and Unasserted Claims, The Court Should Deny Plaintiff its Requested Relief**

**1.      Partial Summary Judgment of Non-Infringement of the Patents-in-Suit is the Appropriate Disposition of the Withdrawn and Unasserted Claims**

For at least the reasons set forth in Defendants' Letter Brief regarding Partial Summary Judgment of Non-Infringement of the Patents-in-Suit, Defendants are entitled to a summary judgment finding of non-infringement of the withdrawn and unasserted claims of the Patents-in-Suit.  Consequently, the Court should deny Plaintiff its requested relief as to the withdrawn and unasserted claims.

**2.      To Prevent Prejudice to Zazzle, Dismissal of Plaintiff's Withdrawn and Unasserted Claims Should Be *With* Prejudice**

Because Defendants will suffer legal prejudice if the unasserted and withdrawn claims are dismissed without prejudice, the Court should dismiss these specific claims with prejudice. *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002) ("Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice.").

In determining whether to grant a dismissal [under Rule 41(a)(2)], the principal consideration is whether the dismissal would prejudice the defendant." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985).  Legal prejudice is defined as "prejudice to some legal interest, some legal claim, some legal argument."  *Bonura v. ABC Bus Cos.*, No. 1:07-CV-990 2008 WL 1883541, at *1 (E.D. Tex. Apr. 24, 2008) (unpublished) (*citing Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

In the Fifth Circuit, examples of legal prejudice are when the dismissal will cause the non-movant to be stripped of an otherwise available defense, *see, e.g. Elbaor*, 279 F.3d 318-

ZAZZLE'S OPP'N IN PART TO PLAINTIFF'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY PENDING REEXAMINATION
(2:08-cv-00202-CE)

7

319 (vacating and remanding district court's dismissal because non-movant could potentially lose a statute of limitations defense) or when the motion is filed at a late stage of trial after the defendant has exerted significant time and effort, *see, e.g.*, *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming district court's denial of motion to dismiss without prejudice and instead issuing a dismissal with prejudice where plaintiff's motion was filed after the magistrate judge had considered the case and issued a comprehensive recommendation that was adverse to plaintiff's position).

In the instant case, granting Plaintiff's motion will legally prejudice Defendants. Specifically, a dismissal without prejudice of the withdrawn and unasserted claims will permit Plaintiff to reassert claims that, were this case to proceed, would not be presented for trial and which Plaintiff would be precluded from bringing in any future action.  For example, it is well settled that this Court would not allow a patentee to argue at trial infringement of claims in a patent-in-suit for which it failed to provide a defendant Infringement Contentions under Local Patent Rule 3-1.  *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 824 (E.D. Tex. 2007) (noting that striking the inadequate infringement contention may preclude plaintiff from asserting claims against one product). In addition, a patentee is precluded from prosecuting a first litigation including only a portion of the claims in a given patent and then asserting any of the remaining claims of that patent in a later suit against the same products under at least the doctrine of claim splitting.  *See Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir.1996) (adopting the general rule barring claim splitting).

Additionally, dismissal of this action will allow Plaintiff to re-file its action in another jurisdiction where the court might re-construe claim constructions that were previously construed by this Court.  (Dkt. No. 322, *FotoMedia Technologies LLC v. AOL, et al.*, Case No. 2:07-cv-255) (Memorandum Opinion and Order) ).  Lastly, the Court should consider that because Plaintiff filed this motion after the initial stages of this case, Defendants have already expended significant time, effort and money defending this action, which Plaintiff filed

Zazzle's Opp'n in Part to Plaintiff's
Motion to Dismiss or, in the alternative,
Stay Pending Reexamination
(2:08-cv-00202-CE)

8

knowing that reexamination of the Patents-in-Suit had been requested.  For these reasons, Defendants will be financially and legally prejudiced should the Court grant Plaintiff its requested relief.

If the Court, in its discretion, decides to cure the legal prejudices instead of denying Plaintiff its requested relief, the Court should grant dismissal of the withdrawn and unasserted claims on the condition that that they be dismissed with prejudice.  *See Elbaor*, 279 F.3d at 320.  In addition, the Court should condition dismissal on payment of costs, expenses and attorneys' fees.  *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 2002) ("Most cases under the Rule have involved conditions that require payment of costs, expenses and fees.").

## IV. CONCLUSION

Zazzle joins Plaintiff in requesting a dismissal without prejudice of all claims and counterclaims relating to the currently asserted claims of the Patents-in-Suit.  However, because alternative relief is appropriate, *i.e.*, partial summary judgment of non-infringement of the Patents-in-Suit, and Defendants will be prejudiced if Plaintiff's requested relief is granted, Defendants oppose dismissing without prejudice Plaintiff's withdrawn and unasserted claims. Should the Court not wish to grant Zazzle partial summary judgment of non-infringement of the Patents-in-Suit, Zazzle requests that the Court dismiss all claims and counterclaims relating to the withdrawn and unasserted claims of the Patents-in-suit with prejudice.


Dated:  January 12, 2010

Respectfully submitted,


*/s/ M. Craig Tyler*
M. Craig Tyler
ctyler@wsgr.com
Luiz Von Paumgartten
lvonpaumgartten@wsgr.com

Brian A. Dietzel
bdietzel@wsgr.com
Aden M. Allen
aallen@wsgr.com
**Wilson Sonsini Goodrick & Rosati PC**
900 South Capital of Texas Highway Las
Cimas IV, Fifth Floor
Austin, TX 78746-5546
512-338-5400
512-338-5499 (fax)
***Attorneys for Defendant Zazzle.com, Inc.***

ZAZZLE'S OPP'N IN PART TO PLAINTIFF'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY PENDING REEXAMINATION
(2:08-cv-00202-CE)

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 12th day of January, 2010.

By:  /s/: M. Craig Tyler_____

ZAZZLE'S OPP'N IN PART TO PLAINTIFF'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY PENDING REEXAMINATION
(2:08-cv-00202-CE)

11